UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-357-RJC

| CHARLES F. GRAHAM, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| THEODIS BECK, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's "Motion to Amend/Correct" his federal habeas petition which he filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1).

## I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina following his conviction for first-degree murder on October 4, 2002, in Mecklenburg County Superior Court. Petitioner's judgment was upheld on appeal[1] and the North Carolina Court of Appeals denied his petition for a writ of certiorari to review the superior court's denial of his first motion for appropriate relief (MAR).

Petitioner filed a second MAR in Mecklenburg County Superior Court this time contending that the State committed error in failing to disclose information regarding a possible leniency deal with a prosecuting witness, Jshehaun Odell Jones. Jones testified against Petitioner at his trial and Petitioner contends that he was later the beneficiary of a Rule 35 motion for a downward departure in a federal case within this district, in part, because of the damaging

---

[1] State v. Graham, 163 N.C. App. 784 (N.C. Ct. App. 2004) (unpublished table decision).

testimony Jones provided during Petitioner's trial. The MAR court rejected Petitioner's claim following an evidentiary hearing and the North Carolina Court of Appeals denied review.

Petitioner then filed a § 2254 petition in this district raising claims for relief which included that a claim that during his prosecution, the State violated its obligations to provide material evidence under Brady v. Maryland, 373 U.S. 83 (1963). Petitioner renewed his argument that the State committed reversible error in failing to turn over information regarding Jones' discussion with State authorities, and that the State erred in failing to correct certain testimony which Jones provided that Petitioner argued was false. The Court granted summary judgment in favor of the Respondent and denied habeas relief after finding that Petitioner had failed to present any meritorious claims for relief. Graham v. Beck, No. 08-cv-149-RJC, 2012 WL 874867 (W.D.N.C. Mar. 14, 2014). (Doc. No. 17: Order).[2] Petitioner appealed to the United States Court of Appeals for the Fourth Circuit and the Fourth Circuit dismissed the appeal. Graham v. Beck, 480 F. App'x 725 (4th Cir. 2012) (unpublished), cert. denied, 133 S. Ct. 2810 (2013).

Petitioner next filed a motion for reconsideration in this district and contended that the undersigned, who served as the U.S. Attorney in this district at the time Petitioner faced State prosecution for first-degree murder, should have been recused from the case based on a conflict of interest. Petitioner pointed to an email from then-assistant U.S. Attorney Gretchen C.F. Shappert, and a motion for a Rule 35 motion for reduction of Jones' federal sentence that was filed by Ms. Shappert, as grounds supporting reinstatement of Petitioner's § 2254 petition and for reassignment of the case to another district judge. (3:09-cv-149, Doc. No. 24: Motion for

---

[2] The findings and conclusions from this Order granting summary judgment are fully incorporated herein.

Reconsideration).

The Court found Petitioner's argument was without merit as he had clearly failed to identify any conflict of interest, and consequently, any possible prejudice resulting from the undersigned's presiding over his § 2254 proceeding. As the Court noted in its Order of dismissal, the evidence of Petitioner's guilt was clearly overwhelming, and Petitioner had a full and fair opportunity to present his arguments before the State courts, and before this Court. (Id., Doc. No. 26: Order Denying Reconsideration, filed January 16, 2014). Petitioner did not appeal.

On March 28, 2014, the Clerk docketed Petitioner's present "Motion to Amend/Correct" his 2009 petition for habeas relief which he labels a Rule 60(b) motion under the Federal Rules of Civil Procedure. (3:14-cv-357, Doc. No. 1 at 1).

## II. STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Cases provides that the court must promptly examine a § 2254 petition and must dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to any relief . . ." Rule 4, 28 U.S.C.A. foll § 2254.

## III. DISCUSSION

Petitioner renews his argument that the undersigned should have recused himself from consideration of Petitioner's § 2254 petition and continues his challenge to the withholding of certain material under Brady v. Maryland. Petitioner's effort to renew these claims through a Rule 60(b) motion must fail. As the Fourth Circuit has explained, it is "the longstanding practice of courts to classify *pro se* pleadings according to their contents without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (internal citation

omitted). For the reasons that follow, the Court finds that Petitioner's "Rule 60(b)" motion is in fact an unauthorized, successive petition.

The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 provides for an express limitation on a petitioner's ability to attack his criminal judgment in a subsequent collateral proceeding. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

The Fourth Circuit has examined pre-AEDPA case law which "endorsed the treatment of Rule 60(b) motions as successive applications when they presented abusive or repetitive claims." Winestock, 340 F.3d at 206 (citing Hunt v. Nuth, 57 F.3d 1327, 1339 (4th Cir. 1995) (finding that a Rule 60(b) motion that raised new claims was a successive petition under § 2254); Jones v. Murray, 976 F.2d 169, 172-73 (4th Cir. 1992) (finding that a Rule 60(b) motion that presented a repetitive claim was actually a successive habeas petition) (emphasis added). The Supreme Court has since endorsed the treatment of such Rule 60(b) motions subsequent to the effective date of the AEDPA. Id. (citing Calderon v. Thompson, 523 U.S. 538, 553 (1998) ("[A] prisoner's motion to recall the mandate on the basis of the merits of the underlying decision can be regarded as a second or successive application for purposes of § 2244(b)"). The Court in Winestock went on to hold that "district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" Id. (italics in original) (internal citation omitted).

4

Petitioner's claims in his Rule 60(b) motion are repetitive and they have already been rejected by this Court and his appeal from the denial of his § 2254 petition was dismissed and the Supreme Court declined to grant his petition for a writ of certiorari. Based on the foregoing authority, and the record in this matter, the Court finds that Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this court may consider the merits of any successive petition under 28 U.S.C. § 2254 which challenges the same state judgment. However, Petitioner has not shown that he has obtained the necessary permission from the Fourth Circuit to file a successive petition. Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"); Winestock, 340 F.3d at 205 ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.") (internal citation omitted).

For the reasons stated herein, the Court finds that Petitioner's present motion should be dismissed without prejudice as an unauthorized, successive § 2254 petition.

## IV.   CONCLUSION

**IT IS, THEREFORE ORDERED** that:

1. Petitioner's motion for habeas relief is **DISMISSED** without prejudice. (Doc. No. 1).

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2);

Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: July 28, 2014

Robert J. Conrad, Jr.
United States District Judge